IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONY LOCKWOOD,<br>    ID # 24004111,<br>        Plaintiff, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:24-CV-2028-X-BW |
| | § | |
| P CHILCOAT, et al.,<br>        Defendants. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION
# OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Tony Lockwood, proceeding in this action pro se, has failed to prosecute this lawsuit and follow court orders. The undersigned United States magistrate judge recommends that, unless Plaintiff comes into compliance during the 14-day period within which he may file objections to this recommendation, the District Judge should **DISMISS** this action without prejudice pursuant to Fed. R. Civ. P. 41(b).

On August 6, 2024, Plaintiff submitted a handwritten complaint sent from the Dallas County Jail requesting forms to assert claims under 42 U.S.C. § 1983. (Dkt. No. 4.) He was provided a standard form complaint for § 1983 claims and an application to proceed in forma pauperis and ordered to return them no later than September 12, 2024. (Dkt. No. 5.) He submitted an amended complaint on August

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management. By Special Order No. 3-354, it was transferred and reassigned to the undersigned on August 23, 2024. (*See* Dkt. No. 6.)

8, 2024 (Dkt. No. 7), but he has not filed the application to proceed in forma pauperis or paid the required filing fees.

On November 5, 2025, the Court noted that, according to jail records, Plaintiff was no longer held in the Dallas County Jail and that he had not updated his address as required by court rules. (Dkt. No. 8.)  The Court ordered Plaintiff to file a notice of intent to proceed with this case by December 3, 2025, or dismissal of this case would be recommended. (*Id.*)  Plaintiff's deadline to file a notice of intent to proceed with this case has passed, and he has not filed a notice or taken any other action manifesting an intent to proceed with this case.

Fed. R. Civ. P. 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a Federal Rule of Civil Procedure or a court order." *Smith v. Resurgent Capital Servs. LP, LLC*, No. 3:24-CV-197-B-BN, 2024 WL 2278210, at *1 (N.D. Tex. May 1, 2024) (internal quotation marks and brackets omitted).  "This authority 'flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.'" *Id.* at *2 (quoting *Boudin v. Graystone Inc. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

By failing to comply with court order to pay the filing fees or an application to proceed in forma pauperis, update his address, or take any other action in this case, Plaintiff has apparently chosen to abandon this case.  His failure to comply with orders additionally prevents the prevents the case from proceeding.  In light of

Plaintiff's failure to take a basic and necessary step to prosecute the case, the Court finds that sanctions less than dismissal would be futile.

Nonetheless, Plaintiff may, within the 14-day period allowed for objections, come into compliance and demonstrate an intent to prosecute his lawsuit by either paying the $405 filing fee or submitting documents necessary for the undersigned to consider whether in forma pauperis status is appropriate.

If Plaintiff fails to come into compliance within the 14-day period during which Plaintiff may make objections to this recommendation, the undersigned recommends that this action be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and follow orders of the court.

**SO RECOMMENDED** on December 24, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).